UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW T. DOUTRE, JR.,

    Plaintiff,

v.                                          Case No. 6:09-cv-1920-Orl-31GJK

SERGEANT KENNETH J. MOORE,

    Defendant.

## ORDER

This case is before the Court on the following motions:

1. Plaintiff's Motion for the Florida Department of Corrections and Inspector General's Office to Cooperate (Doc. No. 20) is **DENIED**. Plaintiff asks the Court to require the Florida Department of Corrections (the "DOC") and Inspector General's Office to provide him with copies of his medical records and various investigation reports and statements concerning the August 4, 2008, incident. Defendant filed a response to the motion, wherein he asserts that Plaintiff was allowed to inspect the DOC and Inspector General Office's documents regarding Plaintiff's medical records and investigation reports. Defendant asserts that Plaintiff is not entitled, however, to free copies of said documents.

To the extent Plaintiff is asserting that he has been unable to obtain these documents because he does not have money for copies, such an argument is not availing. *See, e.g.*, *Neal v. Cassiday*, 2009 WL 691878, at *1 (N.D. Fla. 2009) (denying request for copy of medical

records at defendant's expense); *Rivera v. Washburn*, 2008 WL 117945, at *2 (W.D.N.Y. 2008) (noting that pro se litigants "do not have a general right to free copies"); *Dudley v. MCSO Inmate Legal Services*, 2007 WL 2330897 (D. Ariz. 2007) (denying the plaintiff's request for the court to "make arrangements for copies"); *Grindling v. Loo*, 2006 WL 3191237 (D. Hawaii 2006) (denying request that the court provide the plaintiff copies because he could not afford to pay the costs; noting that even though the plaintiff may be indigent, "he is still not entitled to a waiver or shifting of the costs for discovery"); *Murray v. Palmer*, 2006 WL 2516485 (N.D.N.Y. 2006) (indigency of pro se litigant "does not relief him of the duty to pay his share of the cost of discovery (or somehow shift that cost to either Defendants or the Court"); *Orraca v. Lee*, 2007 WL 81921 (N.D.N.Y. 2007) (denying request that the plaintiff be excused from paying copying costs; holding in forma pauperis status "does not shift the entire financial burden of litigation either to the Court or to the opposing parties" and the costs of obtaining copies of requested documents remains with the party making the request). Thus, given that it appears that Plaintiff has been allowed an opportunity to inspect and copy such documents, the motion is denied.

    2.    Plaintiff's Motion to Compel Production of Documents (Doc. No. 21, filed June 14, 2010) is **DENIED** without prejudice. The Court will address each of the documents Plaintiff seeks in turn.

    (A)    Plaintiff requests a copy of his prison record. Plaintiff contends that he needs his full classification file in order to determine whether documents or any other persons

exist that have knowledge of any discoverable material. Pursuant to Rule 33.601.901(1) of the Florida Administrative Code:

> No inmate or offender under jurisdiction of the department shall have unlimited or routine access to any information contained in the records of the department. Section 945.10(3), F.S., authorizes the Department of Corrections to permit limited access to information if the inmate or offender makes a written request and demonstrates an exceptional need for information contained in the department's records and the information is otherwise unavailable. Such information shall be provided by the department when the inmate or offender has met the above requirements and can demonstrate that the request is being made under exceptional circumstances as set forth in Section 945.10(3), F.S.

Section 945.10(3)(f), Florida Statutes, provides limited access to an inmate's record if the inmate makes a written request demonstrating an exceptional circumstances warranting the production of such information, which includes "[o]ther similar circumstances that do not present a threat to the security . . . of the correctional facility or to any person's safety."

The instant action involves a claim of excessive force occurring on August 4, 2008. As discussed *supra* in relation to Plaintiff's Motion for the Florida Department of Corrections and Inspector General's Office to Cooperate (Doc. No. 20), Defendant provided Plaintiff access to his medical records and investigation reports regarding the August 4, 2008, incident. As such, the Court concludes that Plaintiff has not identified any exceptional need for his prison record nor has he demonstrated that Plaintiff's request is reasonably calculated to lead to the discovery of relevant evidence. Thus, Plaintiff's request for the production of his prison record is denied without prejudice.

(B) Plaintiff requests a copy of all written statements of reports about the August 4, 2008, incident made by prison or civil employees of the DOC. Defendant asserts that

Plaintiff was allowed access to such material on June 30, 2010. As such, the request for production of written statements is denied as moot.

(C)     Plaintiff requests a copy of all of his medical records during his incarceration in the DOC. Defendant asserts that Plaintiff was allowed access to such material on June 29, 2010. As such, the request for production of medical records is denied as moot.

(D)     Plaintiff requests production of all investigation reports in case number 08-3-2997 and 08-3-4153. Defendant asserts that Plaintiff was allowed access to such material on June 30, 2010. As such, the request for production of investigation reports is denied as moot.

(E)     Plaintiff requests production of the master roster of employees for August 4, 2008, in Dorm Bay 1 at Central Florida Reception Center ("CFRC"). Defendant objects to this request because Plaintiff has not demonstrated an exceptional need for such information as required pursuant to Rule 33-601.901(1)(a) of the Florida Administrative Code.

Defendant provided Plaintiff access to his medical records and investigation reports regarding the August 4, 2008, incident. As such, the Court concludes that Plaintiff has not identified any exceptional circumstances warranting the production of the master roster of employees at CFRC, nor has Plaintiff established that his request for the master roster is reasonably calculated to lead to the discovery of relevant evidence. Further, it appears that the request constitutes a fishing expedition, which is disfavored. *See Murray v. Palmer*, 2006 WL 2516485 (N.D.N.Y. 2006) (denying request for list of names of all persons

at the prison). Thus, Plaintiff's request for production of the master roster is denied without prejudice.

(F, G) Plaintiff requests production of all rules and policies of the Department of Correction regarding the use of physical force and use of force on inmates. Defendant asserts that Plaintiff was allowed access to such materials on June 30, 2010. As such, Plaintiff's requests for production of DOC rules and polices on the use of physical force is denied as moot.

(H) Plaintiff requests the production of all documents showing who was on duty in Dorm H at the CFRC on August 4, 2008. Like Plaintiff's request for the master roster, Defendant objects to this request on the basis of confidentiality and security.

As noted previously, Defendant provided Plaintiff access to his medical records and the investigation reports regarding the August 4, 2008, incident. As such, the Court concludes that Plaintiff has not identified any exceptional circumstances warranting the production of the names of who was on duty in Dorm H at CFRC on August 4, 2008. Further, it appears that the request constitutes a fishing expedition, which is disfavored. *See Murray v. Palmer*, 2006 WL 2516485 (N.D.N.Y. 2006) (denying request for list of names of all persons at the prison). Thus, Plaintiff's request for production of all documents showing who was on duty in Dorm H at the CFRC is denied without prejudice.

(I) Plaintiff requests production of all documents relating to DOC officer staff training and education. Defendant objects to Plaintiff's request as being overly broad and unduly burdensome as there are countless documents pertaining to correctional officer

training. Defendant further asserts that Plaintiff has been provided access to the DOC's use of force policies. The Court concludes that Plaintiff's request is overly broad as it does not relate to any specific area of training or education. As such, Plaintiff's request for production of documents relating to staff training and education is denied without prejudice.

3. Plaintiff's Motion to Compel Production of Documents (Doc. No. 24, filed June 28, 2010) is **DENIED** as moot. The motion is duplicative of Plaintiff's Motion to Compel Production of Documents (Doc. No. 21) addressed *supra*.

4. Plaintiff's Motion to Compel Answer to Interrogatories (Doc. No. 25, filed June 28, 2010) is **DENIED** as moot. Defendant filed a response to the motion wherein he states that he served the answers on Plaintiff's First Set of Interrogatories on June 23, 2010.

5. Plaintiff's Motion for Clerk of Court to Issue Subpoena to Florida Hospital East (Doc. No. 28, filed July 6, 2010) is **GRANTED** to the extent that the **Clerk of the Court** shall mail Plaintiff, along with this Order, one subpoena, signed but otherwise blank, which Plaintiff may complete and serve in compliance with Rule 45.

The Court notes that Florida Hospital East is not a party to the instant civil rights action. Pursuant to Rule 35(c) of the Federal Rules of Civil Procedure, "[a]s provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection." Fed. R. Civ. P. 35(c). Rule 45 provides that a party may seek a subpoena "to produce documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). Rule 45

further states that "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service." Fed. R. Civ. P. 45 (a)(3). Moreover, "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party." Fed. R. Civ. P. 45(b)(1); *see also Schweizer v. Mulvehill,* 93 F. Supp. 2d 376, 411 (S.D. N.Y. 2000) (holding pursuant to Rule 45(b)(1) that "[a] party issuing a subpoena to a non-party for the production of documents during discovery must provide prior notice to all parties to the litigation."). Furthermore, "Title 28 U.S.C. § 1915(d) does not allow the court to waive fees paid to witnesses or for copying and mailing documents arising out of a subpoena, even if the litigants has [sic] been granted in forma pauperis status." *Lofton v. Smith*, Case No. 6:04-cv-048, 2007 WL 2728431, *2 n.2 (S.D. Ga. September 10, 2007) (quoting *McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir. 1987)).

Plaintiff is admonished that "[a] party. . . responsible for issuing or serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." Fed. R. Civ. P. 45(c)(1). This Court is required to enforce this duty and to impose an appropriate sanction on a party who fails to comply. *Id.* Moreover, as noted previously, Rule 45(b)(1) requires Plaintiff to notify all the parties before he serves a subpoena. <u>Therefore, Plaintiff is warned that if he chooses to serve the subpoena, he should first serve Defendant with a copy of the subpoena, he should limit his requests to documents and items contemplated by Rule 45, he should seek only</u>

<u>information that is reasonably calculated to lead to the discovery of admissible evidence regarding his claims in this action, and he shall be ready to pay for the cost of the copies of the documents requested.</u>

   **DONE AND ORDERED** at Orlando, Florida on August 17, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
sc 8/17
Matthew T. Doutre, Jr.
Counsel of Record