UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW T. DOUTRE, JR.,

    Plaintiff,

v.                                Case No. 6:09-cv-1920-Orl-31GJK

KENNETH J. MOORE,

    Defendant.

## ORDER

This case is before the Court on the following motions:

**MOTION**: Defendant's Motion for Reconsideration (Doc. 69, filed July 14, 2011); and

Defendant's Motion for Clarification (Doc. 69, filed July 14, 2011).

On July 8, 2011, Plaintiff sent a letter to the Clerk of the Court requesting the issuance of twenty-two subpoenas. The request was construed as a motion for subpoenas and granted pursuant to Federal Rule of Civil Procedure 45(a)(3) which states that "[t]he clerk **must** issue a subpoena, signed but otherwise blank, to a party who requests it." (emphasis added) (Doc. 68, filed July 14, 2011).

Defendant Kenneth J. Moore ("Defendant") asks this Court to reconsider the order granting Plaintiff's request for subpoenas because Plaintiff did not serve the motion on Defendant; because he did not have the opportunity to respond to the request; and because Plaintiff asked for more subpoenas than the number of witnesses identified in his witness list (Doc. 69). Defendant cites no authority authorizing this Court to quash a subpoena before service and, as such, any objection to Plaintiff's request for subpoenas would have been

premature. Accordingly, Defendant's motion for reconsideration is **DENIED** without prejudice to file a motion to quash or modify a subpoena after service on any ground permissible under Rule 45 or to move to strike witnesses not identified in plaintiff's witness list.

Defendant also asks this Court to clarify that neither Defendant nor the government is required to shoulder the costs of Plaintiff's litigation (Doc. 69 at 4). This motion is **GRANTED**. Accordingly, Plaintiff is cautioned that no statute authorizes or requires the government to undertake the expenses of witness fees and costs for indigent plaintiffs. *Gregg v. Clerk of U.S. Dist. Court*, 160 F.R.D. 653, 654 (N.D.Fla.1995). Therefore, Plaintiff is responsible for arranging service of the subpoenas on the witnesses pursuant to Fed. R. Civ. P. 45(b). Rule 45(b) requires that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 days attendance and the mileage allowed by law."

If Plaintiff seeks to have the subpoenas served by the United States pursuant to 28 U.S.C. § 1915(d), he must submit an appropriate sum of money for the U.S. Marshal to tender to the witnesses with his subpoenas. *The subpoenas will not be served by the Marshal unless accompanied by a money order made payable to each of the witnesses for the full amount of the witnesses' travel expenses, plus the witness fee of $40.00 each for one day's attendance at trial.* 28 U.S.C. § 1821.[1] Again, because no statute authorizes the use of public funds for these

---

[1] The costs of service of the subpoenas by the Marshal (as set by 28 C.F.R. 0.114) will be advanced by the United States for litigants proceeding *in forma pauperis*. However, Plaintiff is warned that the costs of service are items of cost which may be taxed against the

expenses in civil cases, the tendering of witness fees and travel expenses is required even though Plaintiff was granted leave to proceed *in forma pauperis*.

**DONE AND ORDERED** at Orlando, Florida, this 18th day of July, 2011.

_____<br>
GREGORY A. PRESNELL<br>
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-4  7/18
Matthew T. Doutre

---

losing party after trial. *See* 28 U.S.C. § 1920, 1921; Fed.R.Civ.P. 54(d). Furthermore, costs may be taxed against an indigent. *Harris v. Forsyth*, 742 F.2d 1277 (11th Cir.1984).